■ APOLLON WATERPROOFING & RESTORATION CORP., INC., Respondent, v EDMUND BERGASSI et al., Defendants, and EDMUND BERGASSI AGENCY, INC., Appellant. [679 NYS2d 131] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about September 11, 1997, which, inter alia,

denied defendant-appellant's cross motion to preclude plaintiff from introducing evidence regarding defendant-appellant's receipt of $88,358.10 from nonparty insurer Pacific Surety, unanimously affirmed, with costs.

The motion court correctly held that plaintiff was not collaterally estopped from litigating the issue of defendant-appellant Bergassi Agency's responsibility for refunding $88,358.10 in insurance premiums paid by plaintiff for bogus performance bonds issued by nonparty insurer Pacific Surety, and, in this connection, correctly ruled that evidence respecting the Bergassi Agency's receipt of $88,358.10 from Pacific Surety was admissible. The prior determination of the Department of Insurance to the effect that Edmund Bergassi was not personally responsible for paying plaintiff a commission was not dispositive of plaintiff's claim in this action against the Bergassi Agency, which brokered plaintiff's purchase of the bogus bonds. Moreover, the investigation by the Department of Insurance conducted with respect to plaintiff's claim for the return of its premium was, at best, perfunctory; there was no hearing held in the matter, plaintiff was not represented by counsel before the agency, nor did the agency's brisk and informal investigation otherwise involve such procedural safeguards as would have been necessary to insure plaintiff a full and fair opportunity to litigate its claims against the Bergassi Agency (*see, Gilberg v Barbieri*, 53 NY2d 285, 292-293). Concur—Milonas, J. P., Ellerin, Wallach and Tom, JJ.